It please the court, I'm Nicholas Kropp, the record CROPP. I'm with Hoffman Angeli here in Portland, and we represent the defendant appellant Lon Lee. The government today is represented by my lawyer friend, Leslie Westfall. Your honors, given the shortness of the time, I propose to focus on two, possibly three issues which I consider central to this appeal. The first is the change in the Rule 12b-6 test occasioned by the Bell v. Twombly decision, and I've produced a letter indicating the scope of that change from our perspective to the court, which hopefully you have in front of you. And secondly, I propose to deal in as much detail as I can, under the time constraints, with the government's claim that Ms. Lee's claim is essentially merely a claim for the proceeds of crime. We say that's not the case. If I have the time, I'll move on to some brief considerations of the leave to amend argument. And your honors, you'll be aware that this is an appeal by Ms. Lee against the dismissal of her forfeiture petition on Rule 12b-6 grounds. In other words, she's failed to state a claim. The recent case of Bell v. Twombly came down on May 21st, so slightly after the reply brief was filed in this case. It does abrogate the formerly leading case of Conley v. Gibson. The language applicable to 12b-6 tests prior to Bell was that the movement of the 12b-6 motion had to show that it was beyond doubt that the plaintiff would answer her claim. Now, that's no longer the correct test. According to Bell, that was placing too great a burden on the movement in a 12b-6 case. The new test is that once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. We do say that Ms. Lee still satisfies this standard. There are numerous aspects of the Conley v. Gibson decision that do survive Bell. So, for example, all that is needed is still a short, plain statement of facts that puts the defendant on notice as to what the plaintiff's claim is. Mr. Carpenter, I'm not sure I understand the relevance of this. The problem was that you claimed that your theories were that she had an interest in the property by virtue of a constructive trust or a resulting trust. Correct. Judge says you can't have a resulting trust or a constructive trust under your facts. Correct. So, I mean, if your theories don't fit your facts, then it doesn't matter really what else you pled or didn't plead, does it? We say that the judge was wrong to find that we couldn't establish a resulting or a constructive trust under Oregon law. As you know, Your Honor, the test in forfeiture cases is that the interests are and federal law determines whether they can be forfeited or not. Interests under trusts are plainly interests that can survive a forfeiture of a defendant's interest in a criminal forfeiture case. That's clear from the Nava case. I guess what I'm saying is your problem was not a pleading problem. It was you had wrong theories that didn't fit your facts, according to the judge. We say that our facts do establish the various tests under Oregon law for establishing that either a resulting trust or a constructive trust exists. Our theory as to a resulting trust was that Ms. Lee and her family and the defendant, Mr. Tran, all understood that there was an overarching custom occasioned by Vietnamese communal property ownership concept, excuse me, concepts, and Which is what? Well, we're hoping to produce evidence of that at trial, Your Honor, but essentially the family as a communal unit No, the custom is what? The custom is that the family as a communal unit owns everything, and so the husband and wife co-own properties. The husband will put the title in his name. In this case, we say Mr. Tran put the title in his name because he had a better credit rating, but nobody in the family unit assumes that that means Mr. Tran, the husband, owns absolutely. And Ms. Lee, through her contributions, we say as a result of this custom, owns Weren't they divorced? They were divorced, and we say that's actually a fact in our favor rather than a fact that hurts us. The parties lived together for many, many years notwithstanding the divorce, and we say there's no real reason for them to have done that other than they were all operating under the assumption that this custom was in effect. Oregon law as to both the creation The property was acquired after the divorce That's correct. They were acquired What is there in, what is it that you think that you can prove out of Vietnamese custom that would suggest that a divorce nevertheless continues these communal arrangements even as to property acquired after the divorce? Well, what we're going to say, what we're hopefully going to show at trial, is that the custom establishes what the intentions of the parties were for a resulting trust argument. It also establishes for a constructive trust argument that there was a confidential relationship between the parties. Oregon law does not require that the parties be married for there to be a confidential relationship. That's not a part of the test. A confidential relationship is pretty broadly stated. And as far as a resulting trust is concerned, evidence of that trust can be drawn from any circumstantial evidence. So if we can show the existence of this custom, which we concede we'll have to prove on clear and convincing evidence, and we can show that all the parties understood that this custom was in effect, then we can show that the intent of the parties had a thought about it. You mean that you can prove that they, what? That they understood? That they still considered themselves husband and wife, like common law wives, husband and wife, even though they've been divorced? We wouldn't even necessarily need to go that far. We'd simply need to show that Miss Lee was operating under the assumption that she'd get an interest in the property. That's why she remained in the home. That's why she continued to look after the kids. Part of the reason she continued to look after the kids, that's why she effectively administered the domestic situation completely to allow the husband to go out, former husband to go out and work several jobs in order to pay off these mortgages. And Mr. Tran, the defendant, in whose shoes the government now stands, having taken the property by forfeiture, is bound to take these interests into account. Her intention? Yes. Her intent? Because what we will say is that the husband acquiesced to her understanding of these ownership concepts. We don't just rely on the Vietnamese custom. We rely on the acquiescence to that custom. And we also rely on the fact that notwithstanding that the parties were divorced, there was still plainly a relationship of power between Mr. Tran and Miss Lee as former spouses in that Miss Lee placed a great deal of trust and confidence in Mr. Tran. He understood that she was doing that. And he had a responsive duty to her as a result of her placing that trust in him. Am I correct that under Oregon law, a resulting trust is created where the property is purchased with the funds of one party, the title is taken in the name of another party? That's the typical case, yes. But we say that the test for a resulting trust... Do you have another case that changes the rule? We don't have a test that changes the rule, Your Honor, but what we do have... Okay, well, that's why your facts that you allege don't meet the standard of resulting trust. Our facts don't meet that fact pattern. But we say the test for a resulting trust, in particular in the Belton and Lozano cases, is broader than simply one party pays for the property that's held by another. That's an example of when a resulting trust arises, but it's clearly not the only situation. And in the Belton case in particular, they make it clear that other circumstances can arise where a resulting trust can come into existence. Let's assume for the sake of discussion, the district judge was right that your facts don't fit these two theories. What would you be able to do if you were given leave to amend? I'm not sure. That's a good question. We say that the judge was wrong to condemn Ms. Lee's claim for failure to state either a resulting trust or a constructive trust claim. Do cohabitants under Oregon law have equitable rights? I think I can answer that question. It depends really on the nature of the agreement or understanding between them. If they had a very specific understanding and they could prove it by clearing convincing evidence, then yes, they may well benefit from a trust. But typically cohabitants don't have those understandings. And typically cohabitants are bound by the terms of whatever agreements they've signed with landlords and so on. Does your client have that understanding? Would you be able to allege that she had that understanding? That's what we're going to show, hopefully. We're going to try to show... So if it doesn't... It's her understanding that you're trying to show. Her understanding and Mr. Tran's and the family's broadly. And we'll hopefully produce expert evidence as to the nature of the custom that we're saying exists. If it doesn't fit the resulting trust pigeonhole, if it doesn't fit the constructive trust pigeonhole, would you be able to allege one of these equitable, cohabitant equitable claims? Well, we say that the constructive trust... I mean, the constructive trust is simply a remedy. Right. So there are various ways we could argue that a constructive trust could be brought into play. And Oregon law has made it clear that you can't specify one particular fact pattern in which a constructive trust comes into play because there are myriad situations in which the remedy might... I guess I'm not clear. Are you going to be able to amend your complaint and state a claim if... If the court says that we have to be more specific about how we fit into resulting trust or constructive trust, then yes. If the court is adamant that we simply cannot satisfy either test, we say that's wrong because we... You have no different theory. No. Our theories are resulting trust or constructive trust. I don't know that we have any further theories beyond that. Thank you. So that's it. Thank you very much, Your Honor. You have used your time. Thank you. May it please the Court, Counsel. I'm Leslie Westfall on behalf of the United States, the Apo League. I believe Ms. Lee is asking this Court to fashion a different property remedy than is available under the law and ask this Court to stretch beyond what is well-established law. Ms. Lee, in this case, was divorced for over three years from Mr. Tran at the time that Mr. Tran purchases these properties and puts these properties in his own name. While they may well have continued to live together, they cannot meet this burden and they have to make some plausible showing to this Court that they have some facts that would suggest there is some property right. And since Oregon does not recognize common law marriage and Oregon law has either a title holder or we can fashion an equitable remedy of a constructive or a resulting trust, those are really the only choices that Ms. Lee has available to her. Constructive and resulting trust theories do not require marriage as a condition for proving either one of them. They certainly do not. But in this case, we already have a couple who is divorced and while they might continue to live together, there is no evidence, nor can they allege that there was a fiduciary duty. After all, in the divorce decree Well, how far do they have to go, counsel, at this stage? I understand that if we get to the summary judgment stage, that they are obligated at some point to come up, come forward with some hard evidence. But at the allegation stage, all they have alleged is that there was some confidence based on Vietnamese custom that did create the trust, a confidence which Oregon then would recognize. In other words, Oregon does not have to recognize Vietnamese custom. But if Vietnamese custom creates a position of confidence or duty based on custom, then it seems to me that Oregon might well recognize that. At a 12B6 stage, what do they have to allege? Well, they have to allege facts that would get the plausible creation of that trust. And while if you were to first concede by these facts that they have come up with the fiduciary duty, then there are two other steps to create a trust. They have to secondly show there was a breach of that duty. And there is no allegation that there was any breach of any sort. The fact that the government comes in and takes that property is not a breach of the fiduciary duty. There is no allegation whatsoever that there was a breach of that duty. And there is no unjust enrichment. She agrees that Mr. Tran had the ability and the authority to sell that property at any time without her approval or agreement. And to create a trust from these facts or even to say that she has plausible facts at this stage is essentially to recognize and create a new right. And as far as the resulting trust, there is no question that under a resulting trust, as Judge Silverman has stated, there must first be an understanding at the beginning of this. Okay. Is it the government's position that the defendants have not alleged a breach of duty and unjust enrichment or that you don't think that they can prove such things? I believe they have not alleged facts sufficient to establish standing under the Constitution. And they are required to allege facts that would give them a plausible claim. Under the pleading rules, there isn't much that you have to say. If you look at the back of the Federal Rules of Civil Procedure and look at the model complaints, there isn't very much that you have to say in order to beat a 12b6 motion. That is true, but I think that The allegation of facts really comes in when you get to the point of summary judgment. And a plaintiff has absolutely failed to come forward with anything that would back up the complaint. That is correct, except that a 12b6 motion must be looked at in the context of the statute in which the allegation and the litigation is occurring. And the allegation here that she must establish is that she is an owner. And in a 12b6, she has to establish facts that make her an owner. And to do that, she clearly is not the title holder, so then she must next go under the rules to show us some other form of ownership. And that is what the ancillary proceeding of a criminal forfeiture is all about, is establishing ownership. So she has to establish facts sufficient that would make her plausibly an owner. And under the Bell Atlantic standards, she has to have at least plausible facts. And she does not establish plausible facts. Judge Redden carefully went through those trusts and delineated exactly what was required of each of those trusts. And observed all the facts that she alleged and held that there simply is no trust that can come from these facts. And I think his careful recitation of what she alleged resolved that. And that's really almost, at that point, puts a burden on the, on her to show something further, as a matter of fact, as to their intent. That's correct. And she has to have a different theory, because at this point, Judge Redden has taken the facts and analyzed them carefully. In Oregon law, as we would look to discover whether the property right is a valid right, and under Oregon law, she simply does not meet the level of either a constructive or a resulting trust. And trusts are there as a very limited means. We don't impose trust just on any occasion because someone's unhappy. The law is careful to make sure that property rights have boundaries and that we carefully define those. And in this case, she's trying to stretch that to the point that there are no boundaries, that we can come and say, well, I think my husband really wanted me to have this property, and therefore I should get it. And that's simply beyond the scope of what trusts were designed to do. So in this case, I believe that the court in the district court level was correct in finding that she didn't allege sufficient facts to even get to the point of having Article III standing, and cannot meet even the minimal test of showing that she is an owner of this property. Do I understand you to say that just because they were living together, the fact that there had been a divorce and this property was taken in his name would be insufficient to apply some kind of cohabitant presumption that they intend to be treated as married people? That's correct. Oregon doesn't recognize common law marriage. And the fact that two people live together when they're not married does not give the spouse an interest in the property. And while she would like to come in under a constructive trust, she has a burden of showing something beyond the fact that they lived together and there was some custom that related to their cultural heritage. There must be some actual legal duty, there must be some breach of that duty, and some unjust enrichment, and she simply cannot show any of those things. So I believe that Judge Redden was correct in making the finding that this claim failed for failure to state grounds on which relief could be granted, and she cannot show she's an owner. Counsel, I don't see the words resulting trust or constructive, I'm looking at the claim and petition filed by Ms. Lee. And I don't see the term resulting trust or constructive trust any place in that complaint. That's correct. Now, if Ms. Lee were given the opportunity to amend her complaint and to allege that there was a constructive trust or a resulting trust, and if she were to name the elements and to allege each of the elements under Oregon law, wouldn't that be sufficient to get past a 12B6? She would have to allege some facts to support those elements. Where's the duty to allege the facts? Pardon me? Where does the duty to allege the facts come out of? I think that a 12B6 motion under Bell Atlantic makes that requirement. There have to be some factual allegation. Well, did the district court have documents before him other than the complaint? Pardon me? Did the district court have the trust and the documents before him? There were no documents other than the pleadings by the plaintiff. Well, you said that he looked at the trust documents. No, no. I didn't say trust documents. He looked at the allegations that she made. That's correct. There were no documents. I don't mean trust documents. I meant the deed and the ---- Yes. I believe the deed was before the court, the warranty deed in which Mr. Tran purchased the property, that's part of the record, and the divorce. And so the court is aware that there was a marriage, there was a divorce, and subsequently there were purchases of each of these pieces of property three and a half and four years after the divorce by Mr. Tran alone. So I believe that she has to make an allegation of some facts under the Bell Atlantic standard, which she cannot do. And therefore, Judge Redden's order should be affirmed. Thank you. Thank you. Do you want to point something out that ---- You're talking to the microphone. I can't hear you. We'll give you 30 seconds. I appreciate that. Thank you, Your Honor. First of all, very briefly, Your Honor, I think you may have mentioned that there was no reference to resulting or constructive trust. If you look at the excerpt of record at page four, paragraph nine of Ms. Lee's petition, she says she's the beneficiary of a resulting trust or an alternative. What was the paragraph? Paragraph nine of Ms. Lee's forfeiture petition. It's at page four of the excerpt of record at the bottom. She clearly makes reference to both. But you haven't made the allegations that would ---- You haven't sort of alleged the elements that would prove a resulting trust or a constructive trust. Is this sufficient under the rules? We say we have. We say that the test for constructive trust in Oregon is confidential relationship, violation of that relationship, and unjust enrichment. And we do expressly mention unjust enrichment. I think, again, that's at paragraph nine. I'm just struggling to find it. But we certainly mention that there was a confidential relationship as determined by this custom and the party's understanding of the custom. And the violation comes into play. There's a case called Albino versus Albino, which we do cite, which deals with when confidential relationships are breached. You don't need to prove a fraud, and you don't need to prove an intent not to perform the obligations of the confidential relationship in order to show that a constructive trust should be imposed. So I hope that deals with that question. Thank you, Your Honor. I appreciate it. The case just argued is submitted for decision.
judges: Schroeder, Silverman, Bybee